Sylvester OKORO, Plaintiff—Appellant,

and

Ava Robinson, Plaintiff,

v.

CITY OF OAKLAND, CALIFORNIA, Defendant—Appellee,

and

Oakland Police Department; Oakland City Manager; Oakland Police Department, Police Chief; Oakland Police Department, Deputy Officers, Defendants.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Sylvester Okoro, Plaintiff—Appellee,

and

Ava Robinson, Plaintiff,

v.

City of Oakland, California,
Defendant—Appellant.

Nos. 05–16112, 05–16228.

United States Court of Appeals,
Ninth Circuit.

Argued and Submission Deferred
April 18, 2007.

Submitted May 10, 2007.

Filed May 14, 2007.

Berehanu H. Challa, Esq., Law Offices of Berehanu H. Challa, Menlo Park, CA, M. Alieu Iscandari, Hayward, CA, for Plaintiff–Appellant.

Arlene Rosen, Esq., Office of the City Attorney, R. Manuel Fortes, Oakland, CA, Michael A. Brodsky, Law Offices of Michael A. Brodsky, Santa Cruz, CA, for Defendant–Appellee.

Before: REINHARDT, NOONAN, and M. SMITH, Circuit Judges.

MEMORANDUM *

Sylvester Okoro ("Okoro") appeals a grant of summary judgment to the City of Oakland ("Oakland") on claims that Oakland police violated his constitutional rights when they arrested him on a charge of "child annoying or molesting." Okoro also challenges the district court's decision to set aside an earlier entry of default against Oakland, and to sanction his attorney. Oakland cross-appeals the district court's decision not to exercise supplemental jurisdiction over Okoro's state law claims. We now affirm the district court's judgment and dismiss Oakland's cross-appeal as moot.

■ Though discovery was available to him from at least October 2002 until April 2003, Okoro did not develop or present any evidence of a city policy or custom behind his alleged constitutional injuries. The absence of these essential elements of municipal liability under 42 U.S.C. §§ 1983 and 1981 is fatal to his case. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Jett v. Dallas Ind. Sch. Dist.*, 491 U.S. 701, 735–36, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). Okoro also argues on appeal that the police officers who arrested him should be considered final policymakers under *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Okoro, however, has presented no evidence to support this assertion. Moreover, since Okoro did not raise the issue before the district court, he is barred from raising the issue for the first time on appeal. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510,

515 (9th Cir.1992). The district court properly granted summary judgment to Oakland.

■ We hold also that the district court did not abuse its discretion in finding good cause to set aside an earlier entry of default against Oakland. The good cause analysis consists of three factors: (1) whether Oakland engaged in culpable conduct that led to the default; (2) whether Oakland had a meritorious defense; or (3) whether reopening the default judgment would prejudice Okoro. *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925–26 (9th Cir.2004). While Oakland clearly acted negligently in failing to respond to the district court's Order to file a motion for summary judgment, it did not act culpably. Oakland also asserted a meritorious defense to Okoro's allegations. Moreover, since Okoro had ample time to prosecute his suit, but did not do so, he was not prejudiced by the setting aside of the default. The district judge should not have set aside the default without allowing Okoro to file a response. However, Okoro suffered no prejudice from this action.

■ At oral argument, this Court asked Oakland to consider waiving the monetary sanctions levied by the district court against Okoro's attorney, Berehanu Challa ("Challa"). It seems to us entirely possible, even likely, that what Oakland heard as defiance from Okoro's attorney when he was approached by Oakland after oral argument in fact embodied a cultural misunderstanding. We trust that Oakland will bear this explanation in mind when it comes to collection. But we cannot disturb the sanctions order. Okoro may not appeal a sanctions order on behalf of his

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

attorney. *See Cabrera v. City of Huntington Park,* 159 F.3d 374, 382 (9th Cir.1998). Okoro did not name Challa as a party in his Notice of Appeal. Nor is it clear from the face of the Notice that he intended to do so. As a result, this Court lacks jurisdiction to review the district court's sanctions against Challa. *See Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC,* 339 F.3d 1146, 1149 (9th Cir.2003).

Finally, at oral argument and in its reply brief, Oakland conceded that its cross-appeal is now moot. The cross-appeal is accordingly dismissed as moot.

AFFIRMED.